UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WAYNE HUGHES,                          No.  2:13-cv-1764 AC P

          Petitioner,

    v.                                         ORDER

STATE OF CALIFORNIA,

          Respondents.

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 12, 2013 petitioner consented to have a United States Magistrate Judge conduct all proceedings in this case, including trial and entry of final judgment pursuant to 28 U.S.C. § 636(c)(1) (ECF No.  5).  Petitioner has also filed a motion to proceed in forma pauperis (ECF No. 6).

I.     *Preliminary Review of Petition*

       Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Rule 4, 28 U.S.C. foll. § 2254.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  For the reasons set forth below, Rule 4 requires that the petition be dismissed

1

1 summarily.

2 II.     Failure to State a Cognizable Claim

3         Federal habeas relief is available to state prisoners only to correct violations of the United

4 States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Alleged

5 errors in the application of state law are not cognizable in federal habeas corpus.  Souch v.

6 Schiavo, 289 F.3d 616 (9th Cir.2002) (a claim challenging state court's discretionary decision

7 concerning application of state sentencing law presented only state law issues and was not

8 cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389

9 (9th Cir.1996).  The Court accepts a state court's interpretation of state law.  Langford v. Day, 110

10 F.3d 1380, 1389 (9th Cir.1996) (noting that a petitioner may not "transform a state law issue into

11 a federal one merely by asserting a violation of due process," and that "alleged errors in the

12 application of state law are not cognizable in federal habeas corpus.").  In a habeas corpus

13 proceeding, this Court is bound by the California Supreme Court's interpretation of California law

14 unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of

15 federal questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir.2001).

16         Here petitioner raises a facial constitutional challenge to CALJIC 2.90 and CALCRIM

17 220 defining the burden of proof in criminal cases throughout the state of California.  He raises

18 the same challenge to the "simplified rules of pleading found in California Penal Code § 948 et

19 seq."  By way of relief, he seeks a declaration that the challenged jury instructions are

20 unconstitutional as well as a mandate from this court that they be amended.  These claims

21 challenge the state court's interpretation of its own state law.  California's adoption of model jury

22 instructions defining reasonable doubt is not an effort to avoid federal review of the constitutional

23 burden of proof contained therein, because the United States Supreme Court has already reviewed

24 the same.  See Victor v. Nebraska, 511 U.S. 1 (1994).  Therefore, the instant petition must be

25 dismissed for failure to raise a cognizable claim under § 2254.

26 III.    Custody Requirement

27         Federal habeas relief is available to a state prisoner "only on the ground that he is in

28 custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2

1  2254(a).  In other words, the challenge raised by the petition must have some nexus to the

2  petitioner's custody.  See Bailey v. Hill, 599 F.3d 976, 980-81 (9th Cir. 2010).  In his habeas

3  corpus application, petitioner states that "[t]his writ petition is not affiliated with any specific

4  criminal case or conviction…."  ECF No. 1 at 8.  Absent any specific connection to petitioner's

5  present confinement at the California Substance Abuse Treatment Facility in Corcoran,

6  California, petitioner has failed to satisfy the custody requirement of the federal habeas statute.

7  See 28 U.S.C. § 2254(a).  Accordingly, this court lacks jurisdiction over the instant petition.

8  *IV.*     *Certificate of Appealability*

9      A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

10  made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

11  court must either issue a certificate of appealability indicating which issues satisfy the required

12  showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

13      Where, as here, the petition was dismissed on procedural grounds, a certificate of

14  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

15  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

16  reason would find it debatable whether the petition states a valid claim of the denial of a

17  constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

18  McDaniel, 529 U.S. 473, 484 (2000)).

19      After careful review of the entire record herein, this court finds that petitioner has not

20  satisfied the first requirement for issuance of a certificate of appealability in this case.

21  Specifically, the court finds that reasonable jurists would not find the court's determination that

22  petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of

23  encouragement to proceed.  See Miller-El v. Cockrell, 537 U.S. 322 (2000).  Accordingly, a

24  certificate of appealability should not issue in this action.

25      Accordingly, IT IS HEREBY ORDERED:

26      1. Petitioner's motion to proceed in forma pauperis is granted;

27      2.  The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

28      3. The Clerk of Court is DIRECTED to enter judgment and close the case; and

1      4. The Court DECLINES to issue a certificate of appealability.

2          IT IS SO ORDERED.

3    DATED:  October 28, 2013

4                                              _Allison Claire_____

5                                              ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10    AC:ts/hugh1764

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28